IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DATAFLOW, INC., DATAFLOW, LLC, and
DATAFLOW REPROGRAPHICS, LLC,

      Plaintiffs,

    v.

PEERLESS INSURANCE COMPANY,

      Defendant.

Civil Action No.
3:11-CV-1127 (LEK/DEP)

## ORDER

The Stipulated Protective Order (Dkt. No. 8 executed by counsel for the parties in this action, a copy of which is attached to and incorporated herein by reference, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, is hereby approved, subject to the following qualifications:

1)    Paragraph 12 of the stipulation is not approved.

2)    Any party seeking leave to file with the court confidential information obtained during pretrial discovery and subject to this protective order must apply for and obtain court permission to file such information under seal.

3)    Upon the filing of any such application, the court will make a determination as to whether a sufficient showing has been made that the

interests of parties in preserving the confidentiality of the information at issue sufficiently outweighs the public's interest in access to judicial documents in order to justify the requested sealing.

_[signature]_
David E. Peebles
U.S. Magistrate Judge

Dated: April 30, 2012
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DATAFLOW, INC., DATAFLOW, LLC,
and DATAFLOW REPROGRAPHICS, LLC,   3:11-CV-01127-LEK-DEP

                Plaintiffs,

v.

PEERLESS INSURANCE COMPANY,

                Defendant.

---

**STIPULATED PROTECTIVE ORDER**

Upon the agreement of the Plaintiffs and Defendants in the above-captioned action (hereinafter the "litigation") through their undersigned counsel, this Stipulated Protective Order is entered pursuant to Fed. R. Civ. P. 26(c). The PARTIES hereby stipulate and agree to the following terms of this Stipulated Protective Order:

1. The following definitions shall apply to this Stipulated Protective Order:

    a. "PARTY(IES)" shall mean a party to the Litigation.

    b. "DOCUMENT(S), INFORMATION, OR OTHER THING(S)" shall include, but not be limited to: interrogatory responses; responses to requests for production of documents and things; responses to requests for admissions; deposition testimony upon oral or written examination and deposition exhibits; and motions, affidavits, exhibits, and any other papers submitted to the Court during the Litigation.

    c. "PRODUCING PARTY" shall mean any PARTY who produces any DOCUMENT(S), INFORMATION OR OTHER THING(S) to any PARTY or PARTIES in the Litigation.

  d. "RECEIVING PARTY" shall mean any PARTY (including the PARTY's counsel) who receives any DOCUMENT(S), INFORMATION, OR OTHER THING(S) produced in the Litigation.

  e. "CONFIDENTIAL MATERIALS" shall mean all DOCUMENT(S), INFORMATION, OR OTHER THING(S), or portions thereof, as well as any copies, summaries or abstracts thereof, which have not been disseminated or made public previously in a manner that is inconsistent with a claim of confidentiality, and which the PRODUCING PARTY reasonably and in good faith believes contain or comprise information such that: (i) the subject matter of such information is protected under applicable law; or (ii) the subject matter of such information represents trade secret, proprietary or business information; or (iii) disclosure of such information would violate a personal, financial, or other interest protected by law, and such disclosure threatens to cause serious harm that outweighs the public interest in disclosure of such information.

  f. "DISCLOSURE" shall mean to reveal, provide, describe, make known or knowingly allow to be made known to any PERSON.

  g. "PERSON" shall mean any individual, partnership, corporation, association, government entity or agency, or any other entity, or any director, officer, employee or agent of the foregoing.

  2. All DOCUMENT(S), INFORMATION, OR OTHER THING(S) or copies, summaries or abstracts thereof produced in the course of Litigation, whether or not designated as containing CONFIDENTIAL MATERIALS, shall be used solely for the purpose of the prosecution or defense of the Litigation. DOCUMENT(S), INFORMATION, OR OTHER THING(S) or copies, summaries or abstracts thereof produced in the course of Litigation shall

not be provided to any other person or entity for any use or purpose other than the legitimate use of such materials for the prosecution or defense of the Litigation.  However, nothing in this paragraph shall prevent any PARTY from appropriately commenting upon items filed with the Court that are not sealed or that are matters of public record.

      3.    No PERSON obtaining access to DOCUMENT(S), INFORMATION, OR OTHER THING(S) designated as containing CONFIDENTIAL MATERIALS pursuant to this Stipulated Protective Order shall divulge the contents thereof to anyone other than the persons entitled to access as specifically set forth herein.  Nothing in this provision shall be construed to prevent another PARTY from seeking a Court Order permitting the de-designation of documents or information previously designated as CONFIDENTIAL by the PRODUCING PARTY.

      4.    Any PRODUCING PARTY producing CONFIDENTIAL MATERIALS to any other PARTY or PARTIES shall label or mark DOCUMENT(S), INFORMATION, OR OTHER THING(S) deemed to contain CONFIDENTIAL MATERIALS as "CONFIDENTIAL: SUBJECT TO STIPULATED PROTECTIVE ORDER."

      5.    If any PARTY objects to the designation of any CONFIDENTIAL MATERIALS, the PARTY shall state the objection and reasons therefore by letter to the PRODUCING PARTY and to ALL PARTIES.  Upon written notification that a PARTY disagrees with a CONFIDENTIAL designation, counsel shall confer in an effort to resolve the dispute without court intervention.  If the PRODUCING PARTY does not change the designation within twenty (20) business days following receipt of such written notice, then the PARTY objecting to the designation may make a motion seeking an order that such CONFIDENTIAL MATERIALS shall be treated as no longer CONFIDENTIAL under this Stipulated Protective Order.  In any proceeding on such a motion the burden shall be on the RECEIVING PARTY to demonstrate

3

that the material in question is not CONFIDENTIAL.  Until the Court rules on any such motion and any and all proceedings or interlocutory appeals challenging such decision have been concluded, the CONFIDENTIAL MATERIALS shall continue to be deemed CONFIDENTIAL under the terms of this Stipulated Protective Order.

6. A PRODUCING PARTY who inadvertently fails to mark CONFIDENTIAL DOCUMENT(S), INFORMATION, OR OTHER THING(S) as such at the time of the production shall promptly notify the RECEIVING PARTY in writing upon discovery of the inadvertent production.

7. With respect to DOCUMENT(S), INFORMATION, OR OTHER THING(S) produced prior to the date of this Stipulated Protective Order, a PRODUCING PARTY may notify the RECEIVING PARTY in writing of any CONFIDENTIAL DOCUMENT(S), INFORMATION, OR OTHER THING(S) within such prior production and the PARTIES shall treat such DOCUMENT(S), INFORMATION, OR OTHER THING(S) as if they were marked as CONFIDENTIAL pursuant to this Stipulated Protective Order.

8. In the case of depositions upon oral examination, counsel may designate any portion of the deposition transcript as containing CONFIDENTIAL MATERIALS on the record or at any time within twenty (20) business days of receiving the deposition transcript from the court reporter.  Notice of such designation shall be made in writing to the court reporter, with copies to all other counsel, specifying the portion(s) of the transcript and exhibits that constitute or contain CONFIDENTIAL MATERIALS and are to be market as CONFIDENTIAL.  Transcripts containing testimony or exhibits designated as containing CONFIDENTIAL MATERIALS shall be marked by the court reporter, prior to transcript distribution, with the legend, "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL," and shall be

4

treated in accordance with the provisions of this Stipulated Protective Order.  Until expiration of the twenty (20) business day period, all deposition transcripts shall be considered and treated as though marked CONFIDENTIAL, unless otherwise agreed on the record at the deposition.

9.      The RECEIVING PARTY shall limit access to and disclosure of DOCUMENT(S), INFORMATION, OR OTHER THING(S) designated as containing CONFIDENTIAL MATERIALS to only the following:

   a.   its employees whose advice, consultation or assistance is being or will be used by such PARTY in connection with the prosecution or defense of the Litigation;

   b.   the Court and those employed by the Court, in which event the DOCUMENT(S), INFORMATION, OR OTHER THING(S) shall be filed under seal consistent with paragraph 12 of this Stipulated Protective Order and kept under seal until further order of the Court;

   c.   court reporters who record depositions or other testimony in the Litigation;

   d.   counsel for a RECEIVING PARTY to the Litigation who are engaged in the conduct of the Litigation, and any legal support personnel of such counsel;

   e.   outside experts, consultants, witnesses or potential witnesses for a RECEIVING PARTY, whose advice and consultation are being or will be used by such PARTY in connection with the prosecution or defense of the Litigation;

   f.   a deponent and the deponent's counsel, but only during the course of a deposition and to the extent reasonably necessary in the preparation for such deposition;

   g.   any other Person or entity upon order of the Court or upon stipulation of the parties or upon the express written agreement of the PRODUCING PARTY.

10.     A PARTY desiring to DISCLOSE another PARTY's DOCUMENT(S),

5

INFORMATION, OR OTHER THING(S) designated as containing CONFIDENTIAL MATERIALS under paragraphs 9(a), (c), (e) or (f) shall first obtain from such person to whom the information is to be disclosed a signed undertaking in the form of the "Certificate" attached hereto, which undertaking shall be maintained by counsel for the PARTY who DISCLOSED the CONFIDENTIAL MATERIALS.  In the event that the intended recipient of such CONFIDENTIAL MATERIALS declines for any reason to sign such an undertaking in the form of the "Certificate" attached hereto, such CONFIDENTIAL MATERIALS shall not be DISCLOSED to such recipient unless agreed to by the PRODUCING PARTY which produced such CONFIDENTIAL MATERIALS, or upon Court order permitting such disclosure.

11. In the event any RECEIVING PARTY receives a demand, subpoena, or other request to produce any PRODUCING PARTY's CONFIDENTIAL DOCUMENT(S), INFORMATION, OR OTHER THING(S), from any third party, including any government agency or judicial body, said RECEIVING PARTY shall immediately notify the PRODUCING PARTY(IES) of the demand, subpoena or other request to produce and shall not produce the requested materials until the PRODUCING PARTY has had an opportunity to oppose the production.

12. If any CONFIDENTIAL MATERIALS are used, or if the substance of such materials (or any portion thereof) is disclosed in any pleading, motion, brief, or other paper filed with the Court, such document shall be filed under seal with the following legend:

> FILED UNDER SEAL in accordance with the Stipulated Protective Order entered by the United States District Court for the Northern District of New York, Case No. 3:11-CV01127.

13. The parties shall negotiate in good faith prior to making any motion relating to any violation or alleged violation of this Stipulated Protective Order.

**IT IS SO ORDERED.**

                                                 **APPROVED:**

Dated: _____  _____


Dated:   April 13, 2012           s/ David M. Knapp
                                                      Thomas S. D'Antonio (Bar Number 310890)
David M. Knapp (Bar Number 517313)
WARD GREENBERG HELLER & REIDY LLP
300 State Street
Rochester, NY 14614
Telephone:  (585) 454-0700
Facsimile:  (585) 454-5910
E-mail:  tdantonio@wardgreenberg.com
E-mail:  dknapp@wardgreenberg.com
COUNSEL FOR DATAFLOW, INC,
DATAFLOW, LLC, AND DATAFLOW
REPROGRAPHICS, LLC


Dated:   April 16, 2012          s/ Eric T. Boron
Eric T. Boron (Bar Number 515216)
MURA & STORM, PLLC
930 Rand Building, 14 Lafayette Square
Buffalo, NY 14203
Telephone: (716) 855-2800
Facsimile:  (716) 855-2816
COUNSEL FOR PEERLESS INSURANCE
COMPANY

# **CERTIFICATE**

    I, _____, hereby certify my understanding that "CONFIDENTIAL" information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Confidential Information, dated _____, 2012, and that I have been given a copy of the Stipulated Protective Order and agree to be bound by its terms.  I understand that all such "CONFIDENTIAL" information I may be shown, including copies thereof and any notes and transcriptions made therefrom, are to be used only for the purposes of this litigation and for no other purpose, under penalty of contempt of Court for violating this Stipulated Protective Order.

                            _____