UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DATAFLOW, INC.; DATAFLOW, LLC;
and DATAFLOW REPROGRAPHICS,
LLC,

        Plaintiffs,

  -against-            3:11-cv-1127 (LEK/DEP)

PEERLESS INSURANCE CO.,

        Defendant.

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on June 6, 2013, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 46 ("Report-Recommendation"). Judge Peebles recommended that Plaintiffs Dataflow, Inc.; Dataflow, LLC; and Dataflow Reprographics, LLC's (collectively, "Plaintiffs") Motion for sanctions be granted, that the Court administer an adverse-inference instruction, and that the Court award Plaintiffs attorney's fees and costs associated with their Motion. See generally Report-Rec; Dkt. No. 30 ("Motion").

**II. STANDARD OF REVIEW**

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1

(N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

Defendant Peerless Insurance Company ("Defendant") has filed Objections to the Report-Recommendation. Dkt No. 47 ("Objections"). The Objections challenge the Report-Recommendation on the following grounds: (1) Magistrate Judge Peebles wrongfully considered Plaintiffs' Reply papers, which were filed without leave of Court in contravention of the Local Rules; (2) Plaintiffs have not demonstrated prejudice; (3) Defendant was not grossly negligent in destroying the putative emails; (4) Plaintiffs have not demonstrated that the destroyed emails are relevant; and (5) the proposed jury instruction is overly vague.

The Court will consider objection (1) *de novo*, as this objection addresses specific findings and recommendations of the Magistrate Judge. As to objections (2), (3), and (4), Defendant's argument are mostly recitations of facts and theories already briefed and argued at oral argument. The only factual finding that Defendant specifically challenges is that Defendant should have reasonably anticipated litigation at the time that the emails were destroyed, and that Defendant had a policy in place to prevent destruction of relevant emails. Objs. at 14-16. Upon review, the Court

2

adopts the Magistrate Judge's recommendation that Plaintiffs' Motion be granted. Accordingly, because Defendant has not disputed Plaintiffs' entitlement to legal fees, the Court adopts the recommendation to award Plaintiffs legal fees and costs associated with this Motion.

As to objection (5), although the Court adopts Magistrate Judge Peebles' recommendation that the Court include an adverse inference instruction, the Court will defer ruling on the language of jury instructions until the filing of pretrial memoranda so as to consider proposed jury instructions as a whole.

### III. LEGAL STANDARD FOR SPOLIATION

On a motion for sanctions due to spoliation, the moving party must show that: (1) the party having control of the evidence had an obligation to preserve it at the time it was destroyed; (2) that party had a culpable state of mind; and (3) the destroyed evidence was of a nature that a reasonable trier of fact could find that it would support the moving party's claim or defense. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002). A duty to preserve arises "once a party reasonably anticipates litigation." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). The party "must suspend its routine document . . . retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant [evidence]." Id. If a party's conduct is found to be grossly negligent, reckless, or intentional, the Court can grant spoliation sanctions without a finding of relevance. Chin v. Port Authority of N.Y. and N.J., 685 F.3d 135, 162 (2d Cir. 2012). If there is a finding of mere negligence, spoliation sanctions are appropriate if there is any likelihood that the destroyed evidence "would have been of the nature alleged by the party affected by its destruction," such that it is relevant to that party's claim. Residential Funding Corp., 306 F.3d at 108; Kronisch v. United States, 150 F.3d 112, 127 (2d Cir.

3

1998). Even in the case of negligence, courts have discretion to impose an adverse inference jury instruction "because each party should bear the risk of its own negligence." Residential Funding Corp., 306 F.3d at 108.

IV. **DISCUSSION**

A. **Plaintiffs' Reply Memorandum and Declaration**

Defendant first argues that the Magistrate Judge's consideration of Plaintiff's Reply and Declaration violated Local Rule 7.1(b)(2). See Dkt. Nos. 42 ("Reply"); 42-1 ("Reply Declaration"). That provision states that "Reply papers . . . are not permitted without the Court's prior permission." L.R. 7.1(b)(2). However, the Magistrate Judge Peebles scheduled both Response and Reply papers to be submitted on this Motion. See Dkt. No. 30. Therefore, the Magistrate properly considered the Reply.

B. **Objections on the Merits**

Defendant's next Objections reiterate previous arguments that Plaintiffs' Motion fails on the merits. As such, the Court reviews the Magistrate's findings of fact and resulting conclusions below for clear error. See Chylinski, 434 Fed. App'x at 48.

Judge Peebles' relevant factual findings are as follows. Plaintiffs held an insurance policy from Defendant that covered employee dishonesty, including embezzlement. Report-Rec. at 3. Plaintiffs' accounting manager, Brian Steele, misappropriated over $1.2 million between 2005 and 2010 and later pled guilty to felony grand larceny and forgery charges. Id. at 3-4. Plaintiffs filed a claim with Defendant to recoup losses, of which Defendant responded that it would cover $75,000. Id. at 4-5. Plaintiffs filed this action to dispute that amount.

During discovery, Plaintiffs served several requests for production of documents that

4

targeted, *inter alia*, internal communications and investigations regard Plaintiffs' claim. Id. at 6-7. Defendant did not produce any internal communications showing an analysis of Dataflow's claims, and provided no indication that potentially responsive emails had been previously deleted. Id. Plaintiffs narrowed their document requests in a second round of discovery, and again did not receive relevant internal email communications. Id. at 8-9. Upon deposing Defendant's employee that handled Plaintiffs' claim, Plaintiffs discovered that email was routinely used to communicate about claims. Id. at 10. Plaintiffs' counsel demanded internal emails, to which Defendant replied that the emails were not available due to a "system change at some point subsequent to May 19, 2010." Id.; Dkt. No. 30-3 Ex. 24. Emails not actively marked for preservation were deleted. Report-Rec. at 11. Defendant's internal policy was to retain all business records related to a claim made under a commercial property policy for six years after the decision on the claim the resolution of any dispute. Id. at 11-12.

After careful review of the record, the Court finds that the Magistrate Judge's findings are not clearly erroneous, nor are his conclusions that such facts satisfied the factors for spoliation. While Defendant argues that the retention policy is dated "Version 4.0, August 15, 2011," and thus was not effective until after the system change that deleted many emails, Defendant has provided no indication that previous versions of the policy were any different.[1] Thus, Magistrate Judge Peebles correctly relied on that version of the policy to determine the policy in effect at the time of the deletions.

Defendant further urges the Court to accept Mr. Chamberlain's representation that he

---

[1] Defendant has done no more than point out that the policy in effect at the time is not in the record. But this absence is due to Defendant's failure to provide a copy of that policy to Plaintiffs during discovery, and thus cannot form the basis for denying Plaintiffs' Motion.

5

innocuously deleted certain emails between himself and a supervisor, Mr. Maxwell, as evidence that most or all of the emails were deleted in good faith. Objs. at 14-16. First, this argument fails to account for what happened to Mr. Maxwell's side of the email exchange. Second, to require Plaintiffs to substantiate the existence and content of particular emails would place too strict a burden on Plaintiffs to develop a record of destroyed communications that they have no way to know contained specific facts, particularly in light of the fact that Defendant was less than forthcoming during discovery. See Residential Funding Corp., 306 F.3d at 109 ("Courts must take care not to 'hold[ ] the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence,' because doing so 'would subvert the . . . purposes of the adverse inference, and would allow parties who have . . . destroyed evidence to profit from that destruction.'") (quoting Kronisch, 150 F.3d at 128; Byrnie v. Town of Cromwell Bd. of Educ., 243 F.3d 93, 109 (2d Cir. 2001)). Nor was it clearly erroneous for Judge Peebles to fully discredit this testimony, particularly in light of Defendant's policy regarding the deletion of emails. As a result, the Court finds no clear error in Judge Peebles' finding that Defendant was grossly negligent.

Even if Defendant was merely negligent in contravening its own policy to delete emails related to Plaintiffs' insurance claim, Plaintiffs have adduced sufficient evidence of relevance. Unlike Ramadhan v. Onondaga Cnty., No. 10-cv-103, 2012 WL 1900198 (N.D.N.Y. May 24, 2012), in which the movant could neither identify that any email existed nor that its contents were relevant to the action, Plaintiffs have pointed to several deleted and not-produced emails regarding Plaintiffs' insurance claims. Given that several defenses that Defendant has interposed in this action, such as Plaintiffs' failure to cooperate, see Dkt. No. 1-1 ¶¶ 34-35, differ from the reasons Defendant initially gave for denying Plaintiffs' claims, see Dkt. No. 30-2 Ex. 1, the emails are at least potentially

6

relevant to the viability of those defenses.  Furthermore, given that Defendant has admitted that some emails were destroyed in a system change subsequent to having notice of a potential claim, and noting that Defendants appeared to be "purposefully sluggish" in admitting that any relevant emails ever existed, Plaintiffs have also adduced evidence to show that the emails may have been more generally harmful to Defendant.  Residential Funding Corp., 306 F.3d at 99.

Defendant's contention that this contract dispute involves little more than the terms of the contract and the conduct of Plaintiffs' employee—and thus any emails are irrelevant— fails.  In a contract dispute, the conduct of the parties subsequent to a contract's execution is relevant to the interpretation of terms.  See, e.g., U.S. v. Winstar Corp., 518 U.S. 839, 863 (1996) (citing Restatement (Second) of Contracts § 202(1) (1981)).  Thus, Defendant's internal communications evincing its interpretation of the provisions of the insurance agreement are relevant to a factfinder's interpretation of those terms.

Thus, Magistrate Judge Peebles correctly determined that some spoliation had occurred, and that an adverse inference instruction is merited.  However, as stated above, the Court will not adopt the Magistrate's recommendation as to the language of the adverse inference instruction until such time as the parties submit proposed jury instructions prior to trial.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 46) is **APPROVED** and **ADOPTED** except as to the language of the adverse inference jury instruction, on which decision is **DEFERRED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this

action.

**IT IS SO ORDERED**.


DATED:	January 13, 2014
	Albany, New York

	_____
	Lawrence E. Kahn
	U.S. District Judge